77 F.3d 492
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Troy B. EDDY, Plaintiff-Appellant,
v.
WEBER COUNTY, a governmental corporation and political
subdivision of the State of Utah, and Weber County
Sheriff's Department, Defendants-Appellees.
 No. 95-4113.
(D.C.No. 93-CV-528)
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1996.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's dismissal of his case with prejudice for failure to prosecute. "Both under Rule 41(b), F.R.Civ.P. and the inherent power of a judge, a case may be dismissed with prejudice for want of prosecution. The exercise of this power by the trial judge is discretionary and should be sustained on appeal in the absence of abuse." United States v. Berney, 713 F.2d 568, 571 (10th Cir.1983)(quotation omitted); see also Link v. Wabash R.R., 370 U.S. 626, 629-33 (1962).
 
 
 3
 Plaintiff brought the present civil rights action against defendants for false arrest, false imprisonment, harassment, and interference with a custodial relationship. Although he was originally represented by counsel, plaintiff proceeded to trial against the county pro se. On the first day of trial, after the jury had been impaneled and the parties had presented their opening statements, plaintiff asked that all witnesses be excluded from the courtroom, including the sheriff, who was sitting at counsel table. The district court stated that it would grant plaintiff's request, after explaining that the exclusion would extend to members of plaintiff's family who were designated as witnesses, but would not extend to the sheriff, who was the designated representative of the county. See Fed.R.Evid. 615 (authorizing the exclusion of witnesses "so that they cannot hear the testimony of other witnesses," but not the exclusion of "an officer or employee of a party which is not a natural person designated as its representative by its attorney").
 
 
 4
 Plaintiff objected to the court's ruling, arguing that other members of the sheriff's department would not testify truthfully in the presence of the sheriff. When the court reiterated that it would not exclude the sheriff under Rule 615, plaintiff stated that he would not proceed with his case. The court responded: "If you're not going to proceed, I'll just dismiss the case. Is that what you want?" R. Vol. VIII at 124. When plaintiff replied: "I will not proceed in this type of kangaroo court, no, sir, your honor," id., the court dismissed the case with prejudice and excused the jury.
 
 
 5
 Plaintiff raises numerous issues on appeal, but does not specifically address the district court's dismissal of his case. Because the issues plaintiff does raise would be moot if the district court properly dismissed his case, we must first address the propriety of the dismissal.
 
 
 6
 The record clearly supports the district court's dismissal of plaintiff's case. Plaintiff could have proceeded at trial and then raised his challenge to the district court's Rule 615 ruling on appeal from any adverse judgment. Instead, plaintiff simply refused to go forward, despite the court's warning that his refusal would result in the dismissal of his case. In light of plaintiff's continued refusal to proceed, the district court did not abuse its discretion in dismissing the action for failure to prosecute.
 
 
 7
 The judgment of the United States District Court for the District of Utah is AFFIRMED. All outstanding motions are denied as MOOT.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3